■ In the Matter of JAMBARU REALTY CORP., Respondent, v. HORTENSE W. GABEL, as City Rent and Rehabilitation Administrator, Appellant.— Order, entered on December 3, 1962, annulling the determination of the City Rent and Rehabilitation Administration, unanimously reversed, on the law, with $20

costs and disbursements to appellant, the determination of respondent-appellant reinstated, and the petition dismissed. The agency found, on the protest proceeding, that " the total rental value of lobby attendant service to each unit is $5.00 per month." On that basis, it decreased maximum rents on all units by $3, a decrease of $2 for partial loss of that service having been granted in a previous proceeding. The finding was proper, "reduction in rental value" being the established criterion for determining the proper amount of a rent decrease for reason of decreased service (Regulations of the City Rent and Rehabilitation Administration, § 36, subd. b). The opinion in *Matter of Hirsch* v. *State Rent Comm.* (10 A D 2d 35), relied upon by respondent landlord, does not hold that a decrease in rental value may not be uniform for all units. It did hold that the decrease may not be determined by the "saving to the landlord" but must be based on actual reduction in rental value, as the regulations require, however reasonably determined. There are many auxiliary services for which it is reasonable to impose uniform charges, and therefore, by parallel reasoning, uniform reduction for elimination of such services. In short, the rental value for every service is not proportionate to space or the base rental value involved, or at least it may be reasonable to so conclude (e.g., air conditioning, refuse collection, refrigerators). The requirement of subdivision b of section 91 of the regulations, that a protest be verified by each tenant joining therein, may be waived by the agency, in light of the power to initiate a proceeding on its own initiative with respect to the maintenance of essential services (Administrative Code of City of New York, § Y41–5.0, subd. h, par. [2]; Regulations, § 82). In any event, it may be that the requirement of separate verification by each protester is not applicable to a " representative" protest, the regulation referring only to a " joint" one (§ 91, subd. 2, *supra*). Concur — Breitel, J. P., Rabin, Stevens, Steuer and Bergan, JJ.